IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

MELTON LEE MILLER                                                                           PLAINTIFF

v.                                        Civil No. 4:19-cv-04046

HEAD NURSE STEVEN KING; NURSE
LONI; and NURSE CATHERINE                                                      DEFENDANTS

## ORDER

Plaintiff filed this 42 U.S.C. § 1983 action *pro se* on May 7, 2019. (ECF No. 1). Although

research by the Court confirmed that Plaintiff had accumulated three strikes, and therefore, was

not eligible to proceed *in forma pauperis* ("IFP"), the Court initially allowed Plaintiff to proceed

IFP because he alleged he was in imminent danger while he was incarcerated in the Miller County

Detention Center. (ECF No. 6). *See* 28 U.S.C. §1915(g) (providing that three strikers should be

granted permission to proceed IFP if they are "under imminent danger of serious physical injury").

Currently before the Court is Plaintiff's failure to obey a Court order.

On June 20, 2019, Plaintiff notified the Court that he was no longer incarcerated. (ECF

No. 12). Because Plaintiff is no longer incarcerated, the imminent danger exception to the three

strikes rule no longer applied. *Lewis v. Golden*, No. 5:09CV00315 JMMJTR, 2009 WL 3418209,

at *2 (E.D. Ark. Oct. 21, 2009). Accordingly, on June 26, 2019, the Court entered an order

informing Plaintiff that it had identified the following cases that appeared to be strikes:

(1) *Miller v. Texarkana Police Department, et al.*, Civil No. 4:99-cv-04019, dismissed as
   frivolous and for failure to state a claim on March 29, 1999;

(2) *Miller v. Vail*, Civil No. 4:15-cv-04074, dismissed for failure to state a claim on April 29,
   2016; and

(3) *Miller v. Felt*, *et al.* Civil No. 4:15-cv-04087, dismissed for failure to state a claim on July
   12, 2016.

(ECF No. 13).

The order informed Plaintiff that he had until July 25, 2019, to pay the $400.00 filing fee or inform the Court: (1) why he did not believe each of the cases listed above constituted a strike within the meaning of 28 U.S.C. §1915(g); or (2) why he did not believe the three strikes rule applied to this case. Plaintiff was also advised that failure to comply with the order by the Court's imposed deadline would result in the revocation of his IFP status and dismissal of this case. The order was mailed to Plaintiff's address of record and has not been returned as undeliverable. To date, Plaintiff has not responded to the Court's order or paid the filing fee.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

The Federal Rules of Civil Procedure also specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

In the case at bar, Plaintiff has failed to obey a Court order and failed to prosecute this case. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE.**

    **IT IS SO ORDERED,** this 1st day of August 2019.

                    /s/ Susan O. Hickey
                    Susan O. Hickey
                    Chief United States District Judge